# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DENNIS K. AUERSWALD,** ) | CASE NO.  3:14 CV 521 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **ED SHELDON,** ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Kathleen B. Burke.  (**Doc #: 7** ("R&R").)  The Magistrate Judge recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus filed by Petitioner Dennis K. Auerswald.  (**Doc #: 1** ("Petition").)  Following trial, a state-court jury convicted Auerswald of the murder and aggravated murder of his wife, Maureen Auerswald.  The trial court merged both counts and sentenced Auerswald to life in prison with the possibility of parole after thirty years.

On direct appeal, Auerswald argued, among other things, that the trial court erred in excluding certain testimony of his former boss that he alleges would have been favorable to him. The appeals court agreed that excluding this testimony was error, but concluded that the error was  harmless.

In the Petition, Auerswald asserts one ground for relief.  He contends that the trial court's error in not allowing the testimony of his former boss is not harmless, and violated his due

process rights by preventing him from presenting a meaningful defense.  The Magistrate Judge

reviewed the claim and concluded that:

> All told, given Auerswald's overwhelmingly inconsistent statements made and behavior exhibited beginning on the day he found his wife unconscious on the floor of their home, it cannot be said that the excluded evidence in this case–testimony that Auerswald stated during a phone call, "Stop drinking that stuff and call the doctor"–"had [a] substantial and injurious effect or influence in determining the jury's verdict" and caused Auerswald actual prejudice.  *Brecht*, 507 U.S. at 623, 637.  Accordingly, Auerswald's ground for relief fails on the merits and he is not entitled to habeas relief.

(R&R, at 14 (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)).)

Auerswald filed Objections.  (Doc #: 8.)  Therein, he repeats, nearly verbatim, the

argument he presented to the Magistrate Judge in his Traverse.  The Magistrate Judge addressed

this argument head-on.

> Auerswald strenuously urges the undersigned to apply an unarticulated standard of harmless error review amounting to a "stricter analysis" of the excluded evidence in this case than in cases involving other types of trial errors.  Doc. 6, pp. 8-11.  The gist of Auerswald's argument is that there is no Supreme Court precedent from which to draw the proper standard of harmless error review in an exclusion of evidence case like [t]his.  Id. (distinguishing Supreme Court harmless error cases and citing, with approval, pre-AEDPA federal circuit cases.
>
> A federal habeas court considers a state court's harmless error determination of a constitutional trial error under the standard set forth in *Brecht v. Abrahamson*–"whether the [complained of] error 'had substantial and injurious effect or influence in determining the jury's verdict.  507 U.S. 619, 623 (1993); *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (when a state court applies a harmless error analysis, a habeas petitioner must show that the trial error "resulted in 'actual prejudice[,]'"quoting *Brecht*, 507 U.S. at 637); *Fry v. Pliler*, 551 U.S. 112, 119-120 (2007) (same).  This standard applies to "constitutional error[s] of the trial type[.]  *Brecht*, 507 U.S. at 638, including the exclusion of evidence.  *See Fry*, 551 U.S. at 114-116 (applying the Brecht standard when petitioner alleged the trial court erroneously excluded defense witness testimony regarding statements the witness heard offered to show that another individual committed the crime).  Thus, *Brecht* provides the proper standard of review in this case.

(R&R, at 11.)

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1). The Court is under no obligation, however, to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D.Ohio Jul. 14, 2010) (citation omitted). Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge's conclusions.

For these reasons, the Court **OVERRULES** the Objections to the R&R (**Doc #: 8**); **ADOPTS** the thorough and well-written R&R in its entirety (**Doc #: 7**) and **DENIES** the Petition (**Doc #: 1**.).

**IT IS SO ORDERED.**

      */s/ Dan A. Polster     December 9, 2015*
**Dan Aaron Polster**
**United States District Judge**